# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO.  1:10cv35-MR
### [Criminal Case No. 1:07cr34-MR-1]

KEVIN ANTHONY HARPER,    )
                             )
        Petitioner,        )
                             )
        vs.               )       **MEMORANDUM OF**
                             )      **DECISION AND ORDER**
UNITED STATES OF AMERICA,    )
                             )
        Respondent.      )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence [Doc. 1] and Respondent's Response [Doc. 5].

## I.     FACTUAL BACKGROUND

On April 3, 2007, Petitioner was charged in a three-count bill of indictment with possession of counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of ammunition by a felon also in violation of § 922(g)(1). [1:07cr34, Doc. 1: Indictment].

The Petitioner entered into a plea agreement with the Government wherein Petitioner agreed to plead guilty to Counts One and Two and the

Government agreed to dismiss Count Three of the indictment. [Doc. 10: Plea Agreement ¶ 1].

On May 30, 2007, Petitioner appeared with counsel for his Plea and Rule 11 hearing before the Honorable Dennis L. Howell. Petitioner was placed under oath and stated that he understood the penalties for providing false information while under oath. [Doc. 42: Rule 11 Tr. at 2-3]. Petitioner acknowledged that he had reviewed the bill of indictment and the terms of the plea agreement with his counsel prior to the hearing and that he understood the charges and the terms of the plea agreement. The Court then explained the elements that the Government would have to prove in order to convict him on Counts One and Two, as well as the minimum and maximum penalties he faced upon conviction. Petitioner acknowledged that he understood the charges and penalties and that by pleading guilty he was expressly waiving his rights to have the Government prove each element of the counts beyond a reasonable doubt; to have a jury trial; to question witnesses; and to present a defense to the charges.

Petitioner acknowledged that he had discussed the sentencing guidelines with his attorney as it pertained to his case and that he understood the guidelines. Judge Howell explained that at sentencing, the Court would be bound to consult the guidelines but would not be bound to

sentence within the guidelines. Petitioner also stated that he understood that if the sentence was more severe than he expected he would still bound by his guilty plea and could not withdraw it.

Petitioner acknowledged that he understood and agreed to the terms of the plea agreement, in particular, to the waiver of his right to pursue a direct appeal or collateral relief on any grounds, except for ineffective assistance of counsel and prosecutorial misconduct, and that he was entirely satisfied with the services of his attorney. Petitioner then confirmed that he was in fact guilty of Counts One and Two and entered his pleas thereon which were accepted after the Court made the finding that the pleas were knowing and voluntary.[1]

A presentence investigation report ("PSR") was prepared by the United States Probation Office, and Petitioner, through counsel, filed objections to the PSR. In particular, Petitioner objected to a two-level increase in his base offense level for possession of a firearm in connection with the counterfeit currency charge (Count One). [Doc. 19 ¶ 1]. Petitioner also objected to the recommendation that two criminal history points be assessed for his conviction in Buncombe County Superior Court the day

---

[1] The Court has examined the transcript of the Rule 11 hearing along with the Acceptance and Entry of Guilty Plea.

after he pleaded guilty to Counts One and Two before Judge Howell. [Id. ¶ 4].

On November 27, 2007, Petitioner appeared with counsel for his sentencing hearing. Petitioner stipulated, through counsel, that there was a factual basis to support his pleas of guilty and to the Court accepting the evidence contained in the PSR to establish the factual basis. [Doc. No. 37: Sentencing Tr. at 2]. Petitioner argued against a four level enhancement in the PSR for the firearm he possessed having an obliterated serial number. [Doc. 19: Objections at 1-2; Doc. 55: PSR ¶ 26]. See USSG § 2K2.1(b)(4). He also argued against the application of a two level increase in his offense level, claiming that there was no connection between the counterfeit money and his possession of a firearm or ammunition. [Objections, supra; PSR ¶ 27]. See [Sentencing Tr. at 4-5].

The Government presented evidence during sentencing hearing showing that the serial number of the gun Petitioner possessed had been filed off. [Id. at 8-9]. Based on that evidence the Court overruled the objection to the four level enhancement.  The Court, however, sustained Petitioner's objection to the two level enhancement after finding that there was insufficient evidence that the firearm was possessed in connection with the possession of the counterfeit money. [Id. at 9].

The Court sentenced Petitioner to 57 months' imprisonment on Count One and 87 months' imprisonment on Count Two, with those terms to be served concurrently.[2] [Doc. 31: Amended Judgment]. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. The Government moved to dismiss the appeal contending that Petitioner had waived his right to a direct appeal by the terms of his plea agreement. The Fourth Circuit agreed and dismissed the appeal on January 21, 2009. United States v. Harper, No. 08-4036 (4th Cir. 2009) (unpublished).

## II.    PROCEDURAL BACKGROUND

Petitioner timely filed this Motion pursuant to 28 U.S.C. §2255. [Doc. 1]. The Government filed a response [Doc. 5], which the Court has construed as a Motion for Summary Judgment. [Doc. 9]. The Court provided Petitioner a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) of the requirements for responding to a Motion for Summary Judgment. [Id.].

## III.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court should order an answer or response from the Government if

---

[2] The Court sentenced Petitioner on December 10, 2007, and entered a judgment thereon. Due to an error in that Judgment, an Amended Judgment was entered on December 21, 2007, to reflect the corrected sentence.

the Court does not dismiss the § 2255 motion on initial review. The Court conducted an initial review and ordered the Government to file an answer or response. The Government has filed its response and contends that Petitioner has not demonstrated that he is entitled to any relief.

The Court has considered the record in the matter and applicable authority and concludes that the disposition of the Government's motion to dismiss can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## IV.   DISCUSSION

In this matter, Petitioner presents seven claims.   He asserts he received ineffective assistance of counsel in 1) failing to object to the two point enhancement for possession of the firearm in connection with the counterfeiting offense, 2) failing to move to suppress the search of Petitioner's mother's home, 3) improperly inducing Petitioner to plead guilty to Count Two (the firearm charge) when such plea was not knowing and voluntary, and 4) failing to object to the inclusion of two criminal history points for state charges to which Petitioner pleaded guilty after his federal Rule 11 hearing but before his federal sentencing.   Petitioner also argues that he was denied due process in that he received an enhancement for possessing a firearm with an obliterated serial number, but that the Government failed to prove that obliteration.   Petitioner also claims that he is actually innocent of the firearms charge because the Government has failed to prove that the firearm in question traveled in interstate commerce. A claim is also asserted for ineffective assistance of appellate counsel for having failed to raise the aforementioned issues on direct appeal.   Each of these claims is addressed in order.

Five of the seven claims raised by Petitioner assert ineffective assistance of counsel.   In order to prevail on a claim of ineffective

assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689, 104 S.Ct. 2052. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. <u>Carpenter v. United States</u>, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. <u>Id.</u> A petitioner must also demonstrate that he suffered prejudice by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 366 (1985).

A petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If a petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1297 (citing <u>Strickland</u>, 466 U.S. at 697, 104 S.Ct. 2052). In considering the prejudice prong of the analysis,

the Court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

## A. Ineffective Assistance -- Two Level Enhancement under USSG §2B5.1(b)(4)

Petitioner claims that trial counsel was ineffective in failing to argue against a two level sentencing enhancement under USSG §2B5.1(b)(4) for possession of a firearm in connection with a counterfeiting conviction under 18 U.S.C. § 472. [Doc. 1 at 14].

This claim for relief is wholly unsupported by the record. In fact, it is directly contradicted by the record. Petitioner asserts that counsel failed to object to the two level enhancement under §2B5.1(b)(4) of the Guidelines. On September 10, 2007, however, Petitioner's counsel filed a written objection to the PSR and specifically contested the proposed enhancement under § 2B5.1(b)(4) . See [1:07cr34, Doc. 19: "Defendant objects to a two level increase for possession of a firearm in connection with the offense (Counterfeit Obligations of the United States)."]. Furthermore, Petitioner's

counsel argued this objection during the sentencing hearing: "The next objection, Your Honor, is the idea that this firearm is in some way related to his counterfeiting activities. Your Honor, our position is that it had absolutely nothing to do with it." [Doc. 37: Sentencing Tr. at 5-6].

Indeed, Petitioner argument that counsel's performance was deficient on this point is utterly without merit. This is unequivocally demonstrated by the fact that counsel was *successful* in making this argument. Petitioner's objection was *sustained* by the trial court and the two level enhancement was not applied. [Doc. 5-1 at 15]. For this reason this claim must be denied.

### B. Ineffective Assistance – Motion to Suppress

Petitioner contends that a motion to suppress the evidence found during a search of the house where Petitioner lived with his mother should have been filed by his trial counsel, and that the failure to do so constituted ineffective assistance. [1:10cv35, Doc. 1 at 15-16]. The evidence set forth in the PSR shows that Asheville police officers obtained the consent of Petitioner's mother to search the residence. The officers discovered 158.10 grams of marijuana, a 9mm hand gun with an obliterated serial number, 74 rounds of 9mm ammunition, and 32 counterfeit $20 Federal Reserve

Notes. Petitioner was placed under arrest and subsequently admitted to possession of the counterfeit currency. [1:07cr34, PSR ¶ 5].

Petitioner contends that the police officers threatened and intimidated his mother into consenting to the search, and that a motion to suppress should have been filed on that basis. The Government responds that Petitioner offered no evidence to support this allegation, such as an affidavit from his mother. [1:10cv35, Doc. 5 at 8-9]. In reply, Petitioner argues that "if his mother would now provide an affidavit it would not have the same effect as it would if counsel would have obtained one from her" in the beginning of his case. [Doc. 14 at 4]. Petitioner was given notice of his obligation to come forward with evidence, such as affidavits, to confront the Respondent's arguments on summary judgment. [Doc. 9]. Petitioner simply failed to do so.

As noted, it is Petitioner's burden to demonstrate prejudice and deficient performance under Strickland. Petitioner admittedly knew that his counsel had not filed a motion to suppress prior to the entry of his guilty pleas but he did not protest to the Magistrate Judge during his Rule 11 hearing, choosing instead to freely admit his guilt to each element of the two counts at issue. Petitioner's failure to offer any evidence, other than a

conclusory, self-serving statement nearly three years after pleading guilty, is insufficient to meet his burden.

For these reasons this claim must be denied.

## C.    Ineffective Assistance – Misled Into Pleading to Firearms Charge

Petitioner claims that counsel misled him and induced him to plead guilty to the charge of possession of a firearm. During his Rule 11 hearing, the Magistrate Judge read each word of the charges set out in Counts One and Two, and Petitioner, while under oath, admitted that he understood the charges, that he was waiving his right to contest the charges, and that he was in fact guilty of each charge. Petitioner stated that he was satisfied with the services of his attorney and that his decision to plead guilty was "not the result of coercion, threats and/or promises other than those contained in the written plea agreement." [Rule 11 Tr. at 14].

At no time prior to his guilty plea or during the Rule 11 hearing did Petitioner raise this issue. Petitioner's statements, which were made under oath during his Rule 11 hearing, doom his present challenge. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule

11 colloquy."). <u>See also</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.").

The natural effect of a properly administered Rule 11 hearing is finality for the parties to the criminal litigation and the public which depends on the efficient and final administration of justice. The Court has reviewed the transcript of the Rule 11 hearing, and the Acceptance and Entry of Guilty Plea and finds that Petitioner's self-serving statements, which directly contradict his sworn statements made during his Rule 11 hearing, and the terms of his assent in his plea agreement, are unavailing.

Petitioner argues that counsel induced him to plead guilty to Count Two by representing that the Government would dismiss Count Three and had he not been misled he would have gone to trial. [Doc. 1 at 16]. The Government, however, *did* dismiss Count Three, as per the plea agreement. Petitioner, therefore, was not misled. Petitioner has asserted nothing that constitutes representation below an objective standard of reasonableness or any <u>Strickland</u> prejudice.

For these reasons this claim must be denied.

**D.    Ineffective Assistance – Criminal History Calculation**

Petitioner claims that counsel provided ineffective assistance in failing to object to state felony convictions being used to calculate his criminal history. [1:10cv35, Doc. 1 at 11-12].  Petitioner pled guilty to Counts One and Two in his federal indictment on May 30, 2007. Two days later, on June 1, 2007, Petitioner pled guilty in Buncombe County Superior Court to state charges of felony possession with intent to manufacture, sell, or deliver cocaine; felony fleeing to elude arrest; and misdemeanor charges of possession of marijuana and resisting a public officer. The State court consolidated the convictions and sentenced Petitioner to an active term of 7-9 months' imprisonment. In his PSR, the probation officer assessed two criminal history points for these June 1 convictions. [1:07cr34; PSR ¶ 55]. Petitioner claims that counsel provided ineffective assistance in failing to object.

On September 10, 2007, however, Petitioner's trial counsel filed a written objection to the PSR's recommendation that Petitioner be assessed two criminal history points for his June 1 conviction and resulting sentence. [Doc. 19 ¶ 4]. The probation officer filed a written response to Petitioner's objection and noted the Sentencing Guidelines specifically provide that a

conviction and sentence sustained subsequent to Petitioner's entry of his federal guilty plea, but before his federal sentencing, may be used in assigning criminal history points. [PSR at 24-25]. See USSG § 4A1.2(a) cmt. n.2 (2006) (providing that a prior sentence "means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense."). Petitioner's contention that his trial counsel failed to challenge the use of state court criminal judgment is directly contradicted by the record. Moreover, the challenge to the use of those convictions was properly overruled. As such, counsel's representation was not deficient and Petitioner has shown no prejudice.

Next, Petitioner argues that his trial counsel provided ineffective assistance by contacting his state trial counsel and the state prosecutor in reference to the state charges at issue. Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (internal citation omitted). Petitioner offers no argument as to how counsel's contact with Petitioner's state counsel and the state prosecutor caused him any prejudice. See Strickland, 466 U.S. at 687 (providing a petitioner must demonstrate his attorney's actions fell below an objective standard of reasonableness and that he was prejudiced by such action).

For these reasons this claim must be denied.

**E.  Due Process – Four Level Enhancement for Obliterated Serial Number**

Petitioner claims that he was denied due process when the Court relied upon insufficient evidence in applying a four level enhancement for possession of a firearm with an obliterated serial number. [1:10cv35, Doc. 1 at 18-19].

Petitioner, however, signed a plea agreement in which he waived any challenge to his sentence except on the grounds of ineffective assistance of counsel and/or prosecutorial misconduct. [1:07cr34, Doc. 10: Plea Agreement ¶ 19]. Petitioner's argument that the Court erred in applying this enhancement under USSG § 2K2.1(b)(4)(B) has already been rejected by the Court, both at sentencing and during this consideration of Petitioner's first claim for relief which alleged a baseless claim of ineffective assistance of counsel. See supra, at 8-9.  This argument has been waived by Petitioner and is without merit.

**F.  Actual Innocence**

Petitioner contends that he is actually innocent of Count Two because the Government did not prove that the firearm which he was convicted of possessing had traveled in interstate commerce. [1:10cv34, Doc. 1 at 21-22].  As stated previously, Petitioner appeared at his Rule 11 hearing and was informed by the Magistrate Judge of each element of

Count Two of his indictment. Petitioner was then informed of his right to a trial at which the Government would have the burden of proving each element of a Section 922(g) offense beyond a reasonable doubt. Petitioner, after being informed of these rights, expressly waived the right to a trial on this charge and admitted, while under oath, that he was in fact guilty of being a felon-in-possession of a firearm. While Petitioner is correct that movement of the firearm through interstate commerce is an essential element of a § 922(g) offense, Petitioner expressly waived his constitutional right to have the Government prove this element because he knowingly and voluntarily waived his right to put the Government to its burden of proof.

For these reasons this claim must be denied.

### G.    Ineffective Assistance of Appellate Counsel

Courts apply the same standard of effective assistance for both trial and appellate counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). On collateral review, appellate counsel enjoys the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Petitioner contends that he notified his appellate counsel of the six grounds for relief addressed *supra* and that she refused to present the

arguments on direct appeal. In her affidavit, Petitioner's appellate counsel, Sandra Barrett, states that she reviewed the trial record, including the plea agreement, and spoke with trial counsel and Petitioner prior to filing her brief on appeal. Ms. Barrett explains that, because of the waiver provision in the plea agreement, the issues she could raise on direct appeal were necessarily limited. Ms. Barrett explains, however, that she did raise one issue: that the trial court committed reversible error in failing to find a proper factual basis to support Petitioner's charge of being a felon-in-possession of a firearm. [Doc. 5-3: Barrett Aff. at 1-2]. The Government moved to dismiss the appeal citing the waiver provision of the plea agreement, and the Fourth Circuit agreed and dismissed the appeal. [1:07cr34, Doc. 44].

The Court first notes that five of the six claims that Petitioner urged Ms. Barrett to argue before the Fourth Circuit involve claims of ineffective assistance of counsel. "Claims of ineffective assistance of counsel are normally raised before the district court via 28 U.S.C. § 2255 and are cognizable on direct appeal only where it conclusively appears on the record that defense counsel did not provide effective representation." United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012) (quoting United States v. Allen, 491 F.3d 178, 191-92 (4th Cir. 2007)). In her affidavit, Ms.

Barrett makes clear that she considered Petitioner's claims and determined that they would properly be brought by way of a Section 2255 motion and not on direct appeal. <u>See</u> [Barrett Aff. at 1-2].

Appellate counsel is presumed to have "decided which issues were most likely to afford relief on appeal," and "is not obligated to assert all non-frivolous issues on appeal." <u>Bell</u>, 236 F.3d at 164 (quoting <u>Jones v. Barnes</u>, 463 U.S. 745, 752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). It is the rare case that an appellate court will entertain claims of ineffective assistance of counsel on direct review. It was therefore not unreasonable for appellate counsel to decline to pursue these claims of ineffective assistance on Petitioner's direct appeal. Moreover, each of Petitioner's claims of ineffectiveness by trial counsel are without merit, as set out *supra*. Therefore, even if appellate counsel had been able to raise these issues, they would have availed Petitioner nothing.

With regard to the due process argument set forth in part E, *supra*, Petitioner argues that appellate counsel should have presented this on direct appeal. As explained above, however, that argument is without merit. Appellate counsel's failure to raise this issue on direct appeal was therefore not an unreasonable exercise in judgment. Moreover, Petitioner

has shown no prejudice in counsel's failure to present an argument that would have availed Petitioner nothing.

For the foregoing reasons, Petitioner's final claim for relief must be denied.

## V.    MOTION TO AMEND

On January 9, 2012, Petitioner filed a pro se motion to amend his Section 2255 petition to include a claim for relief based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (2011). Following the filing of Petitioner's motion to amend, the Fourth Circuit filed a decision explaining that the holding in Simmons was not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (noting and applying Powell). Moreover, Petitioner waived this issue by the terms of his plea agreement. United States v. Copeland, __ F.3d __, 2013 WL 657785, at *5 (4th Cir. Feb. 25, 2013).  The Court therefore declines to grant Petitioner's motion to amend because the amendment would be futile. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (noting standard for granting a motion to amend under Fed. R. Civ. P. 15(a)).

## VI.    CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's claims in his Section 2255 motion are without merit and the Court will, therefore, grant summary judgment against the Petitioner, and dismiss this action.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.   See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).   Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.   Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability.   See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.  Respondent's Motion for Summary Judgment [Doc. 5] is **GRANTED.**

2.  Petitioner's § 2255 Motion [Doc. 1] is **DENIED** and **DISMISSED**.

3.  Petitioner's Motion to Amend [Doc. 15] is **DENIED**.

4.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 5, 2013

Martin Reidinger
United States District Judge